```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

TYRONE LEWIS                                    CIVIL ACTION

VERSUS                                          NO. 06-6100

MARLIN GUSMAN, ET AL.                           SECTION "F"
```

### ORDER AND REASONS

Before the Court is defendants Richard Stalder, Cornel Hubert, Tim Wilkinson, and Burl Cain's motion for summary judgment.[1] For the reasons that follow, the motion is GRANTED.

### Background

Tyrone Lewis, who is deceased, filed this suit on September 18, 2006, alleging that Richard Stalder, Cornel Hubert, Tim Wilkinson, and Burl Cain (and other defendants) violated his constitutional rights by failing to provide him with adequate medical care during his incarceration as a pre-trial detainee over the course of two weeks after Hurricane Katrina. In addition to inadequate medical care, Lewis also asserts that the defendants' lack of preparedness for Hurricane Katrina, which forced him to spend days in Orleans Parish Prison with no electricity, food, or water, and at times wading in chest-deep water for 8-9 hours at a

---

[1] The defendants are sued in their individual and official capacities: Richard Stalder is the Chairman of the Louisiana Department of Corrections, Cornel Hubert is the Warden of Elan Hunt Correctional Center, Tim Wilkinson is the Warden of Winn Correctional Center, and Burl Cain is the Warden of Louisiana State Penitentiary.

time, also contributed to his death.[2]

Because of a heart condition, Lewis had had a pacemaker installed at some point before his incarceration. He sustained several blows to his chest in the altercation that led to him being arrested and placed in custody in Orleans Parish Prison. He was evacuated to Elayn Hunt Correctional Center on August 30, 2005. The following day, he was transferred to Winn Corectional Center. On September 14, 2005, he was transferred to E.A. Conway Hospital in Monroe, Louisiana, where he died three days later.

Lewis generally alleges that the defendants were "explicitly placed on notice regarding Mr. Lewis's health conditions" and that he routinely complained to deputies about chest pains and shortness of breath during his incarceration. Despite his complaints, he "wasn't able to get any help."

On August 13, 2007, plaintiff's counsel amended the initial complaint to provide that, because Mr. Lewis is deceased, the suit is being pursued by his survivors (his father, mother, four sisters, and his brother).

---

[2] In the complaint, Lewis's survivors assert that he was placed on the Broad Street overpass, after being evacuated from Orleans Parish Prison. Then, he was transported with other inmates to Hunt Correctional Center, where he was provided with no medical attention. On August 31, 2005, Lewis's survivors assert that he was transferred to Winn Correctional Center, where his complaints of chest pain were met with "profanity, racial epithets, and verbal abuse." Over a two week period, Lewis's condition worsened; he was admitted to a hospital in Monroe, Louisiana on September 14 and died three days later.

On June 6, 2008, defendant Marlin Gusman filed a motion for summary judgment, urging dismissal of plaintiffs' claims. The motion was set for hearing on June 25, 2008. Counsel for plaintiffs failed to file an opposition to the motion or otherwise file any motion requesting a continuance of the hearing or additional time within which to file an opposition. On June 20, 2008, the Court granted the defendant's motion, having not received any opposition from the plaintiffs, and further determining that the defendant's motion had merit. The plaintiffs then requested the Court "to dismiss and set aside defendant Marlin Gusman['s] Motion for Summary Judgment for insufficient process and/or insufficient service." On August 11, 2008, the Court denied the plaintiffs' motion to set aside order on summary judgment.

On August 11, 2008, the defendants filed the present motion for summary judgment, adopting the memorandum in support of motion for summary judgment filed by Marlin Gusman. The Court twice granted the plaintiffs' motions to continue the hearing date on the motion for summary judgment and set it for hearing on October 8, 2008. The plaintiffs' (tardy) opposition was finally filed on October 2, 2008. The Court also permitted the plaintiffs to append their "statement of uncontested facts."

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not

qualify as competent opposing evidence.  <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.

The defendants contend that the plaintiffs cannot prove personal involvement or deliberate indifference on the part of the defendants with regard to the conditions in Orleans Parish Prison during and after Hurricane Katrina and therefore plaintiffs' claim under Section 1983 should be dismissed.  Further, the defendants contend that the plaintiffs' claim of inadequate medical care against each of the defendants should be dismissed as plaintiffs have not alleged that any of them were responsible for Lewis's medical care, nor can any of the defendants be held vicariously responsible for the actions of others.  Finally, the defendants assert immunity from liability and invoke the one-year prescriptive period applicable to plaintiffs' claims.

In opposition, the plaintiffs merely suggest that the "untimely death of Mr. Lewis, while in the custody of the defendants" satisfies the plaintiffs' "burden under the first prong of the qualified immunity inquiry, for failure to demonstrate an Eighth Amendment violation."  This assertion is not supported[3] and

---

[3] Counsel for plaintiff suggests that two affidavits are attached to the opposition, but none have been submitted to the Court.

utterly fails to address any of the assertions and legal analysis supplied by the defendants.[4] The plaintiffs' limp and conclusory

---

[4] The entirety of the plaintiffs' opposition fails to even address the defendants' arguments and legal analysis in support of summary judgment, is replete with typographical errors, and makes little sense:

> FEDERAL CAUSE OF ACTION
> Certainly, given the untimely death of Mr. Lewis, while in the custody of the defendants, the plaintiffs have met their burden under the first prong of the qualified immunity inquiry, for failure to demonstrate an Eighth Amendment violation.
> Finding a violation of the Eighth Amendment...also requires a twofold analysis. The plaintiffs must first prove objective exposure to a substantial risk of serious harm. For aq pretrial detainee with serious heart problems to be subjected to the conditions the deceased was for fills this requirement.
> Additionally, he must show that prison officials acted or failed to act with deliberate indifference to that risk. The failure of the prison officials to provide actual medical triage or screening once Mr. Lewis was safely removed from New Orleans is uncontested. The [attached] affidavits support that notice of Lewis condition was given and that no medical care was rendered.
> A prison official acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodiliy harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it."
> A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339 (5th Cir.

submission is woefully insufficient to defeat the defendants' motion for summary judgment.

Summary judgment is appropriate; the plaintiffs have failed to establish essential elements of their case. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The plaintiffs have failed to come forward with competent evidence in support of their claims. Indeed, the plaintiffs fail to even identify the individual defendants or suggest that they were personally responsible for providing medical care to Lewis, or that they personally failed to render medical care to Lewis. The plaintiffs also fail to respond adequately, let alone raise any genuine issue of material fact, with regard to the defendants' assertions of immunity or invocation of the one-year prescriptive period applicable to the plaintiffs' claim.

Accordingly, the defendants' motion for summary judgment is GRANTED. The plaintiffs' claims are hereby dismissed.

---

2006).
Furthermore, plaintiff has invoked ancillary or pendant jurisdiction over state causes of action.

**CITED LOUISIANA LEGISLATION**
When one reads the legislation cited by the moving parties, each contains language disclaiming that the statute3 supercedes Federal law and constitutional rights.

New Orleans, Louisiana, October 7, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE